The Iona Savings Bank v. J. A. Blair *et al.*

No. 8073.

1. Foreclosure Sale—*Inadequate Price—Appeal—Parties.* While the judgment debtors are ordinarily necessary parties in this court to a review of the rulings of the district court confirming or setting aside a sale of lands under a decree of foreclosure, where the sale is for a grossly inadequate price, and one of the plaintiffs in error offers to bid many times the amount for which the land was sold, and the sale was made prior to the passage of the act of 1893, known as the "redemption law," so that it can be clearly seen that no injury can result to the judgment debtors, the rulings of the district court may be reviewed without their having been made parties.

2. Sheriff's Sale, *When Set Aside.* Where lands are sold at sheriff's sale for a price so grossly inadequate as to be little more than a nominal consideration, a very slight additional circumstance indicative of bad faith on the part of the purchaser, or of a combination among bidders, will be sufficient ground for setting aside the sale.

*Error from Rice District Court.*

In an action to foreclose a mortgage, after sale and motion for confirmation, The Iona Savings Bank made an increased bid for the property. From an order con-

firming the sale the savings bank brings error, making J. A. Blair and others, purchasers, defendants. The facts are sufficiently stated in the opinion herein, filed February 8, 1896.

*Rossington, Smith & Dallas,* and *Fuller & Whitcomb,* for plaintiff in error and J. M. Washburn, cross-petitioner in error.

*A. Perry, Samuel Jones,* and *A. L. Perry,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J. : This is a proceeding to reverse the ruling of the district court of Rice county on motions to confirm and set aside a sale of lands made on April 1, 1891. The purchasers only are made parties defendant in this court. A motion to dismiss is interposed, on the ground that there is a defect of parties, owing to the failure to bring in the original judgment debtors. The sale was of a half section of land, and the price paid for it was $76. On the hearing of the motion to set aside the sale, the attorney for the plaintiff in error tendered a bid on behalf of the savings bank of $2,088 for the land. It is conceded that the sale carried a full title. Under this state of facts, we think it would be shutting our eyes to the substance and grasping at a shadow to hold that the judgment debtors have any possible interest in upholding this sale, made before the passage of the act of 1893, known as the "redemption law." Where there is any doubt of the property bringing a greater price on a resale than the amount for which it was first sold with the costs of a resale added, the judgment debtors doubtless are necessary parties, because their interests might be affected adversely by setting aside the sale, and so

they doubtless would be where the redemption act applies; but as the price for which this land sold was less than 25 cents an acre, and one of the plaintiffs in error now offers to bid more than $2,000 for it, there is no substance in the contention that the original judgment debtors may be injured by a reversal of the orders complained of. On the merits of the case, we have no hesitation in saying that the sale ought to have been set aside; and we reach this conclusion notwithstanding the fact, insisted on by defendants in error, that the record fails to show that all the evidence introduced on the motions is contained in the case. The orders of sale, the sheriff's return and the testimony of the defendants in error are here. The price at which the property sold is grossly inadequate. We might perhaps say that a bid of $76 on a half section of land in Rice county is merely a nominal consideration, and not a substantial price, especially in view of the offer of the plaintiff in error. Two of the defendants in error are attorneys at law, the other is a banker. All of them testified. Mr. Perry, according to his own testimony, was requested to attend the sale as the representative of the plaintiff, J. M. Washburn, with instructions to bid the costs only. He testified that he examined the records in the district clerk's office. He knew that the savings bank had a lien for $1,500 and interest, and that the sale would carry a full title. Whether he understood he was also representing the savings bank is not so clear from his testimony. It appears from the testimony of the three defendants in error themselves that they were the only bidders at the sale, and we think it very clear from their own testimony that there was an understanding between them before the sale that each of them was in fact bidding

in behalf of all, and that the competition was apparent, but not real.   The sheriff's return shows a sale of the east half of section 7 : to Samuel Jones, an undivided one-third ; to J. A. Blair, an undivided two-thirds, but does not show the amount for which it was sold.   It is only from the testimony contained in the case that we learn the price for which the land sold.   The return was not good.   The sale should have been set aside.   The orders of the district court sustaining the motion to confirm and overruling the motions to set aside the sale will be reversed, and the case remanded, with directions to set aside the sale, on condition, however, that the Iona Savings Bank shall continue its bid of $2,088 for the land at any sale hereafter made under the judgments in the case.

All the Justices concurring.